UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT ALAN GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-01045-CDP |
| ) | |
| KATHLEEN HAMMOND, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before me upon review of a motion for leave to proceed in forma pauperis filed by Robert Alan Gray, a civilly-committed person who resides in the Missouri Department of Mental Health's ("DMH") Sex Offender Rehabilitation and Treatment Services ("SORTS") facility in Farmington, Missouri. I have reviewed the motion and the financial information provided, and will grant Plaintiff leave to proceed in forma pauperis. I have also conducted the required review of the complaint, and determined that it fails to state a claim upon which relief may be granted. I will therefore dismiss it in accordance with 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint against Nurse Practitioner Kathleen Hammond in her official and individual capacity. Plaintiff can be understood to identify Hammond as a DMH employee who worked at the SORTS facility. He alleges as follows.

Plaintiff was under Hammond's care from 2019 through 2022. Plaintiff does not allege he was under Hammond's care after 2022. From 2019 through 2022, Plaintiff "put in several clinic request[s] regarding pain in my lower back." (ECF No. 1 at 2). Hammond's response to "the majority" of those requests was "continue taking your PRNs Tylenol and Ibuprofen." *Id.* Plaintiff continued as directed, but "they rarely work for me." *Id.* Plaintiff does not allege he told Hammond that the medications rarely worked. He states that when the pain was "tolerable," he continued his physical activities. *Id.* Those activities included playing basketball and pickleball, and running and walking.

Hammond "recently" took a position at a different facility, and one Dr. Jamal Zereik replaced her at the SORTS facility. *Id.* At an unspecified time, Dr. Zereik sent Plaintiff to have an MRI of his back. Plaintiff does not describe the interaction he had with Dr. Zereik before the MRI was ordered. "A few weeks later," Plaintiff "was informed [he] had two torn discs in [his] lower spine." *Id.*

Plaintiff went to see "an orthopedic doctor" who referred him for cortisone injections and physical therapy. Plaintiff states he "now" has numbness from his left foot to his knee. Plaintiff writes: "Upon information and belief, this is caused from a pinched nerve in my back caused from the back pain that Nurse Practitioner Kathleen Hammond declined to give me the proper medical treatment that I needed at the time." *Id.* Plaintiff claims "[t]he Deliberate Indifference to medical needs violated [his] rights" under the Eighth Amendment. *Id.* He seeks monetary, injunctive, and declaratory relief. Included with the complaint is a copy of an institutional grievance document setting forth the same allegations.

3

**Discussion**

As an initial matter, I find that Plaintiff's official-capacity claim against Hammond fails. A suit against a public official in her official capacity is actually a suit against the entity for which she is an agent. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). According to the complaint, Hammond is employed by the DMH, a Missouri state agency.  The Eleventh Amendment prohibits suits for damages against the state, state agencies, or state officials acting in their official capacities.  *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1984).  Additionally, a state official sued in her official capacity is not a "person" for purposes of a § 1983 suit because she assumes the identity of the government that employs her.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

I will now address Plaintiff's individual capacity claim.  Plaintiff states he brings an Eighth Amendment deliberate indifference claim, but because he is a civilly-committed person, the Fourteenth Amendment is used to evaluate his claim.  That distinction makes little practical difference, however, because the same standard applies.  *See Mead v. Palmer*, 794 F.3d 932, 936 (8th Cir. 2015).

To state a plausible deliberate indifference claim, Plaintiff must plead facts permitting the inference that Hammond was deliberately indifferent to his serious medical needs.  *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).  A deliberate indifference claim has both an objective and subjective component.  *Beard v. Falkenrath,* 97 F.4th 1109, 1118 (8th Cir. 2024) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).  First, Plaintiff must show that he had an objectively serious medical need, which is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (internal citation omitted).  Second, Plaintiff must show that subjectively, Hammond

4

actually knew of, but deliberately disregarded, that need. *Beard,* 97 F.4th at 1118 (citations omitted).

"Deliberate disregard" is a highly culpable state of mind approaching actual intent. *Kulkay v. Roy,* 847 F.3d 637, 643 (8th Cir. 2017). It is a mental state that has been equated with criminal-law recklessness. *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). A plaintiff must show that the defendant's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). Allegations establishing that a defendant was negligent, even grossly negligent, are generally insufficient to state a valid deliberate indifference claim. *Francisco v. Corizon Health, Inc.,* 108 F.4th 1072, 1077 (8th Cir. 2024); *Fourte v. Faulkner County, Ark.,* 746 F.3d 384, 390 (8th Cir. 2014).

I will presume that Plaintiff has established he had an objectively serious need for treatment to relieve back pain while Hammond treated him from 2019 to 2022, and that Hammond actually knew of that need. Therefore, what remains at issue is whether Hammond deliberately disregarded that need.

Plaintiff alleges Hammond treated him from 2019 to 2022, and during that time, he submitted several clinic requests regarding pain in his lower back. Plaintiff complains that Hammond mostly told him to continue taking Tylenol and Ibuprofen and they were ineffective, but he does not allege he told Hammond they were ineffective. In fact, Plaintiff does not describe the content of his clinic requests at all, or describe any other form of interaction with Hammond from which she should have discerned that he needed treatment beyond Tylenol and Ibuprofen. Plaintiff alleges he "now" has numbness from his left foot to his knee, but he does not allege he told Hammond that, or even that he experienced numbness from 2019 to 2022. Plaintiff does state that Hammond's deliberate indifference to his medical needs violated his

5

rights.  However, that is a legal conclusion that is not entitled to the presumption of truth.  *See Iqbal,* 556 U.S. at 678.  In sum, there are simply no factual allegations demonstrating that Hammond deliberately disregarded Plaintiff's serious medical need.

Plaintiff claims his current numbness is caused by a pinched nerve in his back, which was caused by back pain that Hammond declined to properly treat.  Indeed, deliberate indifference may be found when prison officials intentionally deny or delay access to medical care.  *Estelle,* 429 U.S. at 104–05.  When a delay in treatment is the alleged constitutional violation, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment.  *Jackson v. Riebold*, 815 F.3d 1114, 1120 (8th Cir. 2016) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).

In this case, there are no allegations permitting the inference that Hammond delayed necessary treatment, or that Plaintiff's current condition is related to the care Hammond provided.  For example, there are no allegations that Hammond ignored a request for treatment beyond Tylenol and Ibuprofen or otherwise intentionally delayed or refused to provide adequate treatment, or intentionally refused or delayed Plaintiff's access to medical tests.  Plaintiff's allegations that he was recently diagnosed with torn discs and now has numbness does not permit the inference that Hammond should have treated him in a different manner from 2019 to 2022.  Plaintiff's conclusory statement that Hammond is responsible for his current condition are not entitled to the presumption of truth.  *See Iqbal,* 556 U.S. at 678.

Having thoroughly reviewed and liberally construed the complaint, I conclude that Plaintiff's allegations fail to establish the subjective component of a deliberate indifference claim.  To the extent Plaintiff claims Hammond was negligent or committed medical malpractice, such allegations do not state claims of constitutional dimension.  *See Estelle,* 429 U.S. at 107 (decision not to order x-ray or similar measures is malpractice at most); *Allard v.*

6

*Baldwin,* 779 F.3d 768, 772 (8th Cir. 2015) (inmate's expert testimony that physician should have accurately diagnosed condition showed only negligent malpractice); *Hartsfield v. Colburn,* 491 F.3d 394, 398 (8th Cir. 2007) (whether physician should have acted sooner in scheduling follow-up visit was at most question of negligence).

For the foregoing reasons, I conclude that the complaint fails to state a claim upon which relief may be granted against Hammond, and will therefore dismiss this action at this time, without prejudice. For those same reasons, I find there would be no non-frivolous basis to argue that Plaintiff's allegations stated a plausible official or individual capacity claim. I will therefore certify that an appeal would not be taken in good faith.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate order of dismissal will accompany this memorandum and order.

Dated this 27th day of September, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE